# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60252
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 22, 2019

Lyle W. Cayce
Clerk

KARLA CESILIA SANCHEZ-SARAVIA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 731 341

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.
PER CURIAM:*

Karla Cesilia Sanchez-Saravia, a native and citizen of El Salvador, seeks review of the dismissal by the Board of Immigration Appeals (BIA) of her appeal from the denial by the Immigration Judge (IJ) of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the decision of the BIA and consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2009). We review questions of law de novo and factual findings for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

To qualify for asylum, an alien must prove that she either has suffered past persecution or has a well-founded fear of future persecution in her native country. 8 C.F.R. § 208.13(b). To prevail on a claim of past persecution, an alien must establish that she suffered persecution at the hands of the "government or forces that a government is unable or unwilling to control." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). "To establish a well-founded fear of future persecution, an alien must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005) (internal quotation marks and citation omitted).

Here, the substantial evidence in the record supports the BIA's determination that Sanchez-Saravia did not make the requisite showing. Sanchez-Saravia testified as to five or six instances over a one-month period in which an individual, who was possibly a gang member, approached her in public. As summarized by the BIA, "[o]ver the course of those interactions, he made crass comments, tried to kiss her, pulled her arm, touched her buttocks, and tried to coerce her into having sex with him by threatening to harm her and her family." As the BIA determined, the harm Sanchez-Saravia experienced, while certainly troubling, is insufficient to establish past persecution. *See, e.g., Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (holding that substantial evidence supported a finding that the harm did not rise to the level of past persecution where the alien had experienced harassment, threats, and one episode of minor violence).

No. 18-60252

With respect to future persecution, Sanchez-Saravia points to no evidence of future acts that would constitute persecution beyond her previous experience with this individual and the statements in country reports that Salvadoran gangs target young girls for sexual coercion. These previous threats do not rise to the level of past persecution and her subjective fear of persecution does not, on its own, satisfy the objective-reasonableness requirement. *Zhao*, 404 F.3d at 307. As to the country reports, her stated fear is not of the general habits of Salvadoran gangs but rather the actions of a specific individual. The BIA did not err in finding that Sanchez-Saravia failed to demonstrate her entitlement to asylum. *See Wang*, 569 F.3d at 536-37.

To qualify for withholding of removal, an alien "must demonstrate a clear probability of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (internal quotation marks and citation omitted). "Withholding of removal is a higher standard than asylum." *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Thus, one who fails to show entitlement to asylum fails to show entitlement to withholding of removal. *Id.* As substantial evidence supports the BIA's finding that Sanchez-Saravia failed to meet her burden to establish her entitlement to asylum, she has also failed to demonstrate her entitlement to withholding of removal. *Id.*

Finally, to obtain relief under the CAT, Sanchez-Saravia must show that it is "more likely than not" that she would be tortured if returned to her home country. *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005). The substantial evidence in the record does not show that it is more likely than not that she will be subject to torture or that she faces a clear probability of torture if she returns to El Salvador.

PETITION DENIED.